182 N.J. Super. 622 (1982)
442 A.2d 1075
ETHEL McNALLY AND PATRICIA DOLAN, PETITIONERS-RESPONDENTS,
v.
TOWNSHIP OF MIDDLETOWN, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 26, 1982.
Decided February 9, 1982.
*623 Before Judges MICHELS, McELROY and J.H. COLEMAN.
Helen J. Lukievics argued the cause for appellant (Crummy, Del Deo, Dolan & Purcell, attorneys; Wilson, Holden, McLeod & Fasano, of counsel; Robert E. McLeod on the brief).
Jerome P. Keelen argued the cause for respondents (Jane B. Cordo, Executive Director, Ocean-Monmouth Legal Services, Inc., attorney; Jerome P. Keelen of counsel and on the letter brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Respondent Township of Middletown appeals from a final decision of the Commissioner of the Department of Community Affairs, State of New Jersey, awarding relocation assistance *624 payments to petitioners Ethel McNally (McNally) and Patricia Dolan (Dolan) pursuant to the provisions of the Relocation Assistance Act (N.J.S.A. 20:4-1 et seq.) and the Relocation Assistance Law of 1967 (N.J.S.A. 52:31B et seq.).
In 1977 McNally and Dolan vacated their respective homes after the buildings in which they resided were declared unfit for human habitation by respondent's building inspector. In each instance the building inspector notified petitioner that the building was unfit and therefore condemned. He placed a notice on each building reflecting condemnation and ordered petitioners to vacate the premises. Furthermore, the building inspector threatened legal action in the event that petitioners failed to comply with his orders. Pursuant to the building inspector's orders, petitioners vacated their respective buildings and thereafter applied for relocation and rental assistance payments under the foregoing statutes.
The Monmouth County Board of Social Services determined that petitioners were eligible for relocation and rental assistance payments. Each received payments through December 1979, when respondent refused to make any further payments. Respondent's refusal to make further payments followed a change in funding of the relocation assistance program. This change resulted from legislation which reduced state funding for the program from 100% to 50%; as a result, municipalities were required to pay 50% of the program's cost. On appeal to the Department of Community Affairs, the administrative law judge found that petitioners were "displaced persons" within the meaning of the relocation assistance statutes, and that respondent was legally obligated to continue relocation assistance payments. The Commissioner adopted the findings and recommendations of the administrative law judge as the Department's final decision and this appeal followed.
Respondent contends that petitioners do not qualify as "displaced persons" within the meaning of the Relocation Assistance Act and the Relocation Assistance Law of 1967 and the regulations promulgated pursuant thereto. We disagree.
*625 N.J.S.A. 20:4-3(c) of the Relocation Assistance Act defines the term "displaced person" as follows:
c. "Displaced person" means any person who, on or after the effective date of this act, moves from real property, or moves his personal property from real property, as a result of the acquisition of such real property, in whole or in part, or as the result of the written order of the acquiring agency to vacate real property, for a program or project undertaken by a taking agency; and solely for the purposes of sections 4 a. and b. and section 7 of this act, as a result of the acquisition of or as the result of the written order of the acquiring agency to vacate other real property, on which such person conducts a business or farm operation, for such program or project.
and N.J.S.A. 20:4-14 of the same act further provides:
A person who moves or discontinues his business or moves other personal property, or moves from his dwelling on or after the effective date of this act as the direct result of code enforcement activities, or a program of rehabilitation of buildings conducted pursuant to a governmental program, is deemed to be a displaced person for the purposes of this act.
N.J.S.A. 52:31B-3(e) of the Relocation Assistance Law of 1967 defines the term "displaced" as follows:
(e) The term "displaced" shall mean required to vacate any real property, or any tenancy therein, pursuant to any lawful order or notice of any State agency or unit of local government on account of the acquisition of any real property for a public use, or on account of a program of law enforcement, or on account of a program or project for the voluntary rehabilitation of dwelling units.
It cannot seriously be questioned that petitioners vacated their respective buildings pursuant to a building code enforcement. The record shows that the building in which each resided was found to be uninhabitable and therefore condemned. The building inspector ordered all occupants, including petitioners, to vacate the buildings. In the circumstances, petitioners were properly found to be displaced persons within the purview of these statutes.
Furthermore, the argument, which respondent now makes for the first time on appeal, that the Relocation Assistance Act, N.J.S.A. 20:4-1 et seq., does not apply where, as here, the municipality does not acquire the property but merely condemns the buildings because they were unfit for human habitation, is without merit. The legislative purpose underlying this statute is not so restrictive. On the contrary, the statute *626 was intended to apply to the very situation in which petitioners here found themselves  being forced to vacate by virtue of a building code enforcement. This is manifest from the stated declaration of the policy of the statute:
The purpose of this act is to establish a uniform policy for the fair and equitable treatment of persons displaced by the acquisition of real property by State and local land acquisition programs, by building code enforcement activities, or by a program of voluntary rehabilitation of buildings or other improvements conducted pursuant to governmental supervision. Such policy shall be uniform as to a. relocation payments, b. advisory assistance, c. assurance of availability of standard housing, and d. State reimbursement for local relocation payments under State assisted and local programs. [N.J.S.A. 20:4-2].
See Rowe v. Pittsgrove Tp., 153 N.J. Super. 274, 280 (Law Div. 1977), rev'd on other grounds 172 N.J. Super. 209 (App.Div. 1980).
We also find no merit in the claim that N.J.A.C. 5:11-1.7 was invalid in that it exceeded the statutory definition of "displaced persons," and therefore constituted an improper rule-making function. It is unnecessary for us to recite the standards of judicial review of regulations promulgated by an administrative agency since they are thoroughly discussed and clearly stated in New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 560-563 (1978). Application of these well-settled principles to respondent's challenge to N.J.A.C. 5:11-1.7 compels the conclusions that the regulation does not exceed the scope of the broad delegation of power to the Commissioner under N.J.S.A. 20:4-10 and N.J.S.A. 52:31B-10, and that this regulation is not arbitrary, capricious or unreasonable. The legislative findings and declarations, on the basis of which the Commissioner was granted the authority to pass the regulation under review, expressly states that the act should be liberally construed to effectuate the purposes and intent thereof. See N.J.S.A. 52:31B-2. However, beyond this, the regulation does not impact adversely upon petitioners' claim. As pointed out above, petitioners were forced to vacate their respective buildings by virtue of the direct, not indirect, action of respondent's building inspector. Finally, we have considered the other issues *627 raised by respondent directed to its challenge to the propriety of the finding that petitioners qualified as displaced persons within the meaning of these statutes and find them to be clearly without merit. R. 2:11-3(e)(1)(D) & (E).
Accordingly, insofar as the McNally matter is concerned, we affirm the findings and conclusions of the administrative law judge which were adopted by the Commissioner as his final decision, for the reasons expressed by Judge Tylutki in her initial decision of July 24, 1980.
However, with respect to the Dolan matter, there may be merit in respondent's claim that Dolan was not entitled to relocation assistance payments because she did not occupy the Sycamore Avenue building pursuant to a certificate of occupancy, and that she did not lawfully occupy the building for a period of 90 days or more prior to the order to vacate as required by N.J.S.A. 20:4-6. The administrative law judge found that Dolan lived in the Sycamore Avenue building from 1966 to April 1977. Both counsel conceded at oral argument that this is incorrect, pointing out that Dolan did not move into the building until sometime in November of 1976. The record indicates, further, that Dolan was ordered by the building inspector to vacate the premises in January 1977, which would constitute a period of occupancy of less than 90 days. There is also some suggestion in the record that Dolan's occupancy of the building was without a proper certificate. Unfortunately, there is no verbatim transcript of the proceedings before the administrative law judge and we therefore decline to exercise our original jurisdiction to resolve these issues. In the circumstances, we reverse the final decision of the Commissioner insofar as Dolan is concerned and remand the matter to the Commissioner to determine whether Dolan lawfully occupied the building pursuant to a certificate of occupancy and whether such occupancy was for 90 days or more within the meaning of N.J.S.A. 20:4-6.
Accordingly, the McNally matter is affirmed. The Dolan matter is reversed and remanded for further proceedings. We do not retain jurisdiction.