270 N.J. Super. 417 (1993)
637 A.2d 526
RUFINA HERRERA, PETITIONER-APPELLANT,
v.
TOWNSHIP OF SOUTH ORANGE VILLAGE, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 29, 1993.
Decided December 28, 1993.
*418 Before Judges MUIR, Jr., THOMAS and LEVY.
Joan Pransky argued the cause for appellant (Seton Hall University School of Law Center for Social Justice, attorney).
David Schechner argued the cause for respondent Township (Schechner and Targan, attorneys).
Cheryl R. Clarke, Deputy Attorney General, argued the cause for respondent Dep't of Community Affairs (Fred DeVesa, Acting Attorney General, attorney; Joseph L. Yannotti, Assistant Attorney General, of counsel).
The opinion of the court was delivered by MUIR, Jr., J.A.D.
Petitioner Rufina Herrera appeals from a final determination of the Commissioner of the Department of Community Affairs. The Commissioner held that Herrera is not entitled to relocation *419 assistance benefits under either the Relocation Assistance Law of 1967, N.J.S.A. 52:31B-1 to -12, or the Relocation Assistance Act, N.J.S.A. 20:4-1 to -22, as those statutes are referred to by the Anti-Eviction Act, N.J.S.A. 2A:18-61.19, and as they are implemented by promulgated regulations, N.J.A.C. 5:11-1.1 to -9.3. The Commissioner's determination accepted an Administrative Law Judge's decision that, to be eligible for assistance, Herrera had to be a lawful occupant of the third floor apartment in which she resided and that, due to the fact the apartment violated South Orange's zoning ordinance, her occupancy was illegal. The Administrative Law Judge refused to consider the issue of whether petitioner had waived her entitlement to assistance. We affirm the determination but for reasons other than those relied upon by the Commissioner.
The Legislature has determined several circumstances when relocation assistance shall be provided. The Relocation Assistance Law of 1967 provides "for relocation assistance payments to persons or businesses displaced on account of acquisition of real property for a public use, or on account of a program of law enforcement, or on account of a program for voluntary rehabilitation of dwelling units." N.J.S.A. 52:31B-4(a). The Law allows assistance not to exceed $200. N.J.S.A. 52:31B-4(c).
The Relocation Assistance Act was enacted in 1972 to provide "a uniform policy for fair and equitable treatment of persons displaced by acquisition of real property by State and local acquisition programs, by building code enforcement activities, or by a program of voluntary rehabilitation of buildings or other improvements conducted pursuant to governmental supervision." N.J.S.A. 20:4-2. This Act provides for a moving expense allowance not to exceed $300 and a dislocation allowance of $200. It also allows for replacement housing costs for tenants not to exceed $4,000.
The influence these relocation assistance statutes have on dispossess actions is set out in N.J.S.A. 2A:18-61.1g. When a landlord is confronted with citations for substantial violations *420 affecting the health and safety of a tenant, any subsequent warrant of removal engendered thereby is stayed pending compliance with the applicable provisions of the 1967 and 1972 statutes.
Petitioner reads all the statutory provisions to require relocation assistance in this instance. We disagree.
We are satisfied from our review of the statutes, the implementing regulations, and the explicating decisional law that petitioner, if she qualifies at all, is entitled to assistance afforded only by the Relocation Assistance Law of 1967. The Relocation Assistance Act, N.J.S.A. 20:4-1 to -22, applies only to those instances where a municipality displaces persons for building code enforcement activities, but not for zoning ordinance enforcement activities. Zoning ordinances are distinguishable from building codes. The former are enacted pursuant to the Municipal Land Use Law, see N.J.S.A. 40:55D-1 to -129, while the latter are governed by N.J.S.A. 52:27D-123.[1] Had the Legislature intended the Relocation Assistance Act to apply to zoning ordinance enforcement, it could have said so. Statutes are to be construed as written, not according to some unexpressed intention. Dacunzo v. Edgye, 19 N.J. 443, 451, 117 A.2d 508 (1955). Moreover, the words of a statute are to be given their ordinary and well-understood meaning. Fahey v. City of Jersey City, 52 N.J. 103, 107, 244 A.2d 97 (1968). We consequently conclude none of the 1972 Act's provisions encompass persons displaced as the result of zoning ordinance enforcement. See Haddock v. Department of Community Dev., City of Passaic, 217 N.J. Super. 592, 598, 526 A.2d 725 (App.Div. 1987); McNally v. Township of Middletown, 182 N.J. Super. 622, 625-26, 442 A.2d 1075 (App.Div. 1982). The language of N.J.S.A. 2A:18-61.1g does not expand the Act's scope.
*421 On the other hand, the language of the Relocation Assistance Law of 1967 is less precise. It applies to "a program of law enforcement," a term the statute does not define. Thus, it is less clear whether the 1967 Law applies to zoning ordinance enforcement.
Initially, the Department of Community Affairs considered the term to include zoning ordinance enforcement. Regulations promulgated to carry out the provisions of the two relocation assistance statutes at issue here, under the topic "Eligibility," initially provided:
Whenever a State Agency or unit of local government undertakes a program of building code enforcement, housing code enforcement, health code enforcement or zoning code enforcement that causes the displacement of people, ... the said State Agency or unit of local government shall provide relocation payments and assistance to all lawful occupants who are displaced....
[N.J.A.C. 5:11-2.1(a) (emphasis added)]
However, in apparent response to an unpublished opinion of this court in Moran v. Randolph Tp., 6 N.J.A.R. 58, 60 (Dep't of Community Affairs 1980), rev'd, Moran v. Township of Randolph, A-649-80T2 (App.Div. Jan. 20, 1983), certif. denied, 94 N.J. 573, 468 A.2d 215 (1983), and a prior hearing decision of the Commissioner in Hickey v. Borough of Park Ridge, 5 N.J.A.R. 291 (Dep't of Community Affairs 1983), the regulation was amended in 1984 to delete the phrase "zoning code enforcement." See 16 N.J.R. 175(a), 16 N.J.R. 870(b).
Thereafter, this court in Haddock v. Passaic Community Dev. Dep't, 217 N.J. Super. 592, 600-01, 526 A.2d 725 (App.Div. 1987), found Moran correctly followed by the Commissioner when he made a distinction between zoning ordinance enforcement and property maintenance (housing) code enforcement. However, in Haddock we also held that in instances of program enforcement, other than zoning ordinance enforcement, a tenant would be entitled to relocation assistance where code violations were not primarily attributable to conduct of the tenant and tenants were not in possession as a result of trespass or an illegal sublease. *422 Thus, where a tenant was a legal occupant, relocation assistance had to be awarded.
The Department responded to Haddock by amending its regulations. In a regulation that became effective December 21, 1987, see 19 N.J.R. 1596(a), 19 N.J.R. 2388(c), lawful occupant is defined as "a person whose occupancy of a dwelling unit or property is recognized by the owner and is not the result of a trespass or unauthorized sublease or assignment." N.J.A.C. 5:11-1.2.
After a contested hearing in this case, an Administrative Law Judge concluded petitioner was an illegal occupant. He relied upon Moran and Hickey, which had ruled occupancy in violation of a local zoning ordinance barred relocation assistance and denied petitioner's claim. The Commissioner adopted the initial decision. Petitioner argues the lawful occupant definition supersedes Moran and Hickey and applies here. The Commissioner counters, arguing the term lawful occupancy in the regulation applies only in non-zoning ordinance enforcement circumstances because it was in response to Haddock, which dealt with a non-zoning ordinance code enforcement. The Commissioner consequently argues both Moran and Hickey subsist because N.J.A.C. 5:11-2.1(a) does not include zoning ordinance enforcement.
While we are inclined to agree with the Commissioner, we need not resolve the issue because we are satisfied petitioner has waived any entitlement to relocation assistance under the only statutory resource available in this instance, the 1967 Law. We note, however, the Commissioner should amend the regulations to clarify the applicability of the lawful occupant definition.
The waiver occurred in a settlement of a dispossess action brought by petitioner's landlord. By that time, the landlord had pled guilty to and had been fined for a zoning ordinance violation for renting the third floor apartment to petitioner. In the dispossess action brought by the landlord in an effort to abate the violation, both parties were represented by counsel. When counsel appeared before Judge Fast, they represented the matter was *423 settled. Counsel for the petitioner then outlined the settlement terms. "[T]he matter was adjourned until May 8, 1990; [landlord] would serve `proper notice' under N.J.S.A. 2A:18-61.1g(3), giving petitioner three months notice to vacate from February 1, 1990, and petitioner would waive any objection to the timeliness of the notice, provided it was served on or before February 15, 1990; petitioner would apply for and use her best efforts to obtain relocation assistance under N.J.S.A. 52:31B-1 to -12 and N.J.S.A. 20:4-1 to -22; [landlord] was to assist petitioner in obtaining alternate housing and this assistance could include monetary remuneration in lieu of statutory relocation assistance; if [landlord] provided such monetary assistance, petitioner would withdraw her claim for statutory assistance up to the extent of the assistance provided by [landlord]; petitioner would use her best efforts and act in good faith to secure substitute housing; and [landlord] would amend his complaint to plead the appropriate cause of action." [emphasis added] Thereafter, the landlord gave petitioner a notice to quit and offered her another apartment, which she rejected. He also gave her a check for $1,000 to cover relocation expenses. Before he gave petitioner the $1,000 check, he had petitioner sign a release written in English. Petitioner moved into a new apartment thereafter.
Petitioner testified at the contested hearing before the Administrative Law Judge that she did not understand the release because she could not read English. Nonetheless, she cashed the check before she went to her attorney, to whom she showed a photostatic copy of the check and from whom she received an explanation as to the meaning of the release. At no time did petitioner ever offer to return the $1,000.
Despite petitioner's contentions to the contrary, the terms of the settlement before Judge Fast were binding upon her. That settlement, combined with her subsequent acceptance and use of the $1,000, constituted a waiver of any relocation assistance under the 1967 Law.
*424 There is a clear public policy in this state favoring settlement of litigation. Jannarone v. W.T. Co., 65 N.J. Super. 472, 476, 168 A.2d 72, certif. denied, 35 N.J. 61, 171 A.2d 147 (App.Div. 1961). Only where there is fraud or other compelling circumstances will a court refuse to honor a litigation settlement agreement. See Honeywell v. Bubb, 130 N.J. Super. 130, 136, 325 A.2d 832 (App.Div. 1974). There is nothing here that suggests any such unconscionability that would undermine the honoring of the settlement. Indeed, under the circumstances, in light of the fact that petitioner, at best, would be entitled to only $200 in relocation assistance, it would be unconscionable to conclude she could keep the $1,000 and get an additional $200.
Affirmed.
NOTES
[1] We note Department regulations require relocation assistance in health code and housing code enforcement activities, also. N.J.A.C. 5:11-2.1(a). The significance of the inclusion of those code enforcement activities is not an issue before us.