658 A.2d 306

WILLIAM J. SIMON, SHERIFF FOR THE COUNTY OF CAMDEN, PLAINTIFF–APPELLANT, v. BOARD OF CHOSEN FREE-HOLDERS OF THE COUNTY OF CAMDEN, DEFENDANT–RESPONDENT, AND OFFICE OF CAMDEN COUNTY COUNSEL, DEFENDANT.

WILLIAM J. SIMON, SHERIFF OF THE COUNTY OF CAMDEN, PLAINTIFF–RESPONDENT–CROSS–APPELLANT, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF CAMDEN, DEFENDANT–APPELLANT–CROSS–RESPONDENT.

WILLIAM J. SIMON, SHERIFF OF THE COUNTY OF CAMDEN, PLAINTIFF–RESPONDENT, v. BOARD OF CHOSEN FREE-HOLDERS, COUNTY OF CAMDEN, DEFENDANT–APPEL-LANT.

Superior Court of New Jersey
Appellate Division

Argued March 27, 1995—Decided May 17, 1995.

Before Judges WEFING and BRAITHWAITE.

*Jeffrey I. Baron* argued the cause for William J. Simon (*Baron & Riefberg*, attorneys; *Mr. Baron*, of counsel, *Barbara E. Riefberg*, on the brief).

*Glenn P. Callahan* argued the cause for Board of Chosen Freeholders of the County of Camden (*Callahan, Delany & O'Brien*, attorneys; *Mr. Callahan*, on the letter brief).

*Frederick M. Knapp* argued the cause for the Sheriff's Association of New Jersey, Inc. in its application to appear *amicus curiae* (*Courter, Kobert, Laufer, Purcell & Cohen*, attorneys; *Mr. Knapp*, of counsel; *Mr. Knapp* and *Laura Lencses McLester*, on the brief).

The opinion of the court was delivered by

WEFING, J.A.D.

These three appeals present, fundamentally, the same legal issue. They were calendared back-to-back and argued before us the same day. We have consolidated them for purposes of this opinion.

Plaintiff, in all three matters, is the duly elected Sheriff of Camden County. The Camden County Board of Chosen Freeholders (Freeholders) are defendants in all three matters and the Camden County Counsel is a defendant in docket number A–6472–92T1. In each case, we must decide whether the Freeholders are responsible for the Sheriff's counsel fees for an attorney he retained to represent him in a budget dispute with the Freeholders. We conclude that, in the context of these cases, the Freeholders are not responsible for such fees.

Plaintiff became embroiled in a budget dispute with the Freeholders during the preparation of the County's 1993 fiscal year budget. The Freeholders ordered the Sheriff to make certain cuts within his department. He disagreed with the size of the proposed budget reductions and, among other steps, retained an

attorney. The Sheriff had an in-house attorney, but determined that attorney could not represent him in this matter because he was paid by the Freeholders and limited by the strictures of *R.* 1:15–3. The Sheriff's outside attorney sought the written budget requests of other County departments and officers. When the Freeholders did not supply that information, he filed a complaint on March 22, 1993, under docket number L–02707–93, which sought an order compelling the Freeholders to supply the Sheriff with the information under *N.J.S.A.* 47:1A–2, the "Right to Know Law."

The complaint's second count sought an order compelling the Freeholders to pay the Sheriff's necessary legal expenses; the third related to an alleged conflict of interest which precluded the County Counsel from representing either the Sheriff or the Free-holders in this dispute since the County Counsel also represented both parties as defendants in on-going litigation.

The trial court concluded that plaintiff was not entitled, under *N.J.S.A.* 47:1A–2, to the information he sought, but did have a common-law right to receive certain materials the Freeholders were ordered to supply. The trial court further denied plaintiff's request for attorney's fees. Plaintiff appealed to this court under docket number A–6472–92T1 solely on the denial of attorney's fees.

The Freeholders, in preparing Camden County's 1993 fiscal year budget, approved an operating budget which represented $753,062 less than the amount plaintiff considered necessary to permit his department to perform its legally mandated functions. The Freeholders approved total expenses of $22,526,108 for the Sheriff's department for the 1993 fiscal year, but included, within that amount, $776,983 for court attendant salaries and jurors' fees. The Sheriff had not included funds for those items in his budget request to the Freeholders. Consequently, he complained the operating budget the Freeholders approved provided insufficient funds to perform the Sheriff's departments' legally mandated functions.

On June 9, 1993, plaintiff filed another complaint in lieu of prerogative writs. In the first count, he sought a declaration that the amount the Freeholders approved for the Sheriff's department was insufficient and an order that the Freeholders provide adequate funding for the department. The second count sought an order holding the Freeholders responsible for his legal expenses in this matter.

The Freeholders answered and counterclaimed for an accounting of the Sheriff's department's expenditures for the fiscal years 1991, 1992 and 1993. Plaintiff then moved to have the matter transferred from Camden County to Burlington County.

The Camden County Assignment Judge granted plaintiff's motion; he recognized that as Assignment Judge, he had factual knowledge of the prior budget treatment of jurors' fees and court attendants' salaries. He thus transferred the matter to Burlington County since either he or the Trial Court Administrator might be called for testimony if the matter proceeded. Indeed, both the Assignment Judge and the Camden County Trial Court Administrator later presented affidavits in support of the Freeholders.

Burlington County's Assignment Judge reviewed the parties' papers and heard oral argument. He then denied plaintiff's summary judgment application, dismissed defendant's counterclaim, dismissed count one of plaintiff's complaint for failure to state a cause of action and awarded $25,355.70 for plaintiff's counsel for fees and costs.

Both parties appealed and cross-appealed in docket number A–2468–93T1 from the subsequent orders. The Freeholders argue the trial court erred when it granted counsel fees while plaintiff contends the trial court erred in dismissing his complaint's first count. He also contends the amount awarded for attorney's fees was insufficient.

After the matter was heard in Burlington County, plaintiff sought to recast the complaint as one seeking judicial impasse relief under R. 1:33–9. The parties differ within their briefs

whether plaintiff filed an entirely new complaint after the trial court's decision or merely amended the complaint. The difference is immaterial to our disposition of the appeals. Whether plaintiff was entitled to invoke *R.* 1:33–9 was never decided on the merits, however, since the parties ultimately resolved their differences. Their resolution, however, did not encompass counsel fees.

The parties then appeared before the trial court in Camden County on the sole issue of whether plaintiff was entitled to a separate award of counsel fees. The trial court answered affirmatively and awarded plaintiff's counsel $4,951.85 in counsel fees and costs. The Freeholders appealed from that order in docket number A–3207–93T1.

■ We shall deal with the three appeals in the chronological order plaintiff presented them to the court. The first is docket number A–6472–92T1, in which plaintiff appeals the denial of counsel fees in his action brought under the Right to Know Law. On that issue, we affirm the order entered below substantially for the reasons expressed by Judge Davis in his letter opinion of July 19, 1993.

■ In docket number A–2468–93T1, we are satisfied the trial court was entirely correct when it concluded the first count of plaintiff's complaint failed to state a cause of action. Plaintiff argues the trial court erred when it dismissed that count of the complaint; he contends the trial court should have viewed the matter as an impasse proceeding under *R.* 1:33–9 and returned the matter to Camden County for further proceedings under the rule. In our view, plaintiff's argument completely ignores both the complaint he filed and that he sought the transfer from Camden County. Plaintiff's complaint was clearly and accurately captioned as a complaint in lieu of prerogative writs. It was not drafted as a complaint under the judicial impasse rule, *R.* 1:33–9, and the trial court appropriately declined to let plaintiff expand his legal theories.

In his oral argument to the trial court, plaintiff contended that since jurors and court attendants have an impact upon the manner in which the judicial branch functions within Camden County, the judicial branch had authority to order the legislative branch, the Freeholders, to provide additional funds for the Sheriff's department. Plaintiff presented no legal authority for the position that the Sheriff, as opposed to the Assignment Judge, was entitled to invoke an impasse proceeding. The trial court correctly concluded that plaintiff's complaint failed to state a cause of action upon which any judicial relief could be granted.

Despite that conclusion, however, the trial court went on to determine further that plaintiff was entitled to an award of counsel fees. The trial court reached this conclusion based upon a 1980 unreported decision of this court, and the trial court's finding that this was a bona fide dispute brought in good faith.

The court there held that where a bona fide dispute arises that must be litigated between the Surrogate and the County Board of Freeholders concerning their respective rights and duties in the area of the compensation of clerical and other administrative personnel employed in the operation of the Surrogate's office—an area in which the Board of Freeholders is charged with funding, *N.J.S.A.* 2A:5–16—the Surrogate is entitled to be supplied (or to select) his own private counsel to represent him at a reasonable fee to be borne by the county.

Since it is not possible to tell, from the brief two-paragraph opinion, the nature of the dispute which brought the parties to court, we reviewed the briefs and transcripts still on deposit with the Clerk's office. In that matter, Burlington County's Surrogate sought to increase a staff member's compensation and the Freeholders refused to approve the increase or process the necessary personnel forms. The Surrogate then sued the Freeholders for impinging on his statutory appointive powers, *N.J.S.A.* 2A:5–16, and filed a motion for authorization to retain counsel. The Freeholders argued that the Surrogate was a State officer and should be represented by the Attorney General's office under

*N.J.S.A.* 52:17A–4 and *N.J.S.A.* 52:17A–13. The Attorney General, when requested, declined to provide such representation. The issue before the court was thus whether the Surrogate, seeking to vindicate his statutory powers, should be represented by counsel supplied through the Freeholders or the Attorney General's office.

Here, however, the Sheriff asserted that, despite apparent past practice to the contrary, juror fees and court attendants' salaries were not appropriate charges within his budget. Indeed prior to this litigation, he sought to have those matters transferred to the judicial budget. Camden County's Assignment Judge, however, declined the Sheriff's request that he assume those costs within the county judicial budget. This action is not a dispute over who possessed the statutory power to set the appropriate level of employee compensation; it is rather a challenge to the fundamental authority of the Freeholders to allocate essential charges and expenses in the process of formulating a budget.

In such an instance, we consider the issue of good faith irrelevant. We do not interpret the unreported case as authority for an award of counsel fees in this situation.

Within the trial court's oral opinion, it referred to the tensions inherent in our county government structure which invests budgetary authority in elected Freeholders who approve budgets for other independently elected officials such as the Sheriff, the County Clerk and the Surrogate. We decline to hold that such officials have an independent right to retain their own counsel, at Freeholder expense, to sue the Freeholders over a budget dispute. To hold otherwise would, we fear, subject the Freeholders to endless litigation and involve the courts in essentially political disputes. Those disputes must be resolved in the political, not the judicial, arena.

We thus conclude that the trial court erred when it awarded plaintiff counsel fees. This makes the second prong of the cross-appeal in docket number A–2468–93T1, the alleged insufficiency of the award, moot.

In docket number A–3207–93T1, the Freeholders appealed from the award of counsel fees by the trial court after the parties settled their litigation. As we read the trial court's oral opinion setting forth its reasons for granting counsel fees, it rested the award on two bases: this court's unpublished opinion referred to earlier, and the trial court's view that to deny counsel fees would be counter to the well-established policy in New Jersey of favoring settlement of litigation. *Herrera v. Township of South Orange,* 270 *N.J.Super.* 417, 637 *A.*2d 526 (App.Div.1993), *certif. denied* 136 *N.J.* 28, 641 *A.*2d 1039 (1994). We have, however, just set forth our interpretation of the 1980 non-reported matter; we do not believe it provides authority for an award of counsel fees in this litigation.

■ We understand the trial court's view that a failure to award counsel fees may run counter to a policy of fostering settlement of litigation. As desirable as settlement of litigation may be, however, it does not provide an independent legal justification for an award of counsel fees. Indeed, a policy of awarding counsel fees could have the unintended, opposite effect of fostering litigation. The award of counsel fees is thus reversed.

In docket number A–6472–92T1, the order appealed from is affirmed. In docket number A–2468–93T1, the orders are affirmed in part and reversed in part and remanded for entry of an order in accordance with this opinion. In docket number A–3207–93T1, the order appealed from is reversed.