KAHN, J.T.C.
This is the court’s opinion with respect to taxpayer’s motion to enforce a settlement agreement entered into with the municipality regarding the 1996 tax year. The settlement at issue reduced the 1996 tax year assessment from $26,716,000 to $18,216,00o.[1] The filing of this motion was necessitated because a $1,000,000 added assessment was levied against the subject property for the 1996 tax year, after settlement negotiations took place, but prior to execution of the stipulation of settlement. In addition to seeking enforcement of the parties’ settlement agreement with respect to the 1996 tax year, taxpayer also moves to apply the Freeze Act, N.J.S.A 54:51A-8, for the 1996,1997 and 1998 assessments at the settlement figure of $18,216,000, thereby eliminating the $1,000,-000 added assessment for those years.
The Town of Kearny opposes taxpayer’s motion on several grounds. First, the municipality contests the motion because the settlement negotiations and subsequent execution of the stipulation of settlement did not contemplate or address the 1996 added assessment. Second, the municipality argues that this court is without jurisdiction to hear the 1996 added assessment matter because taxpayer failed to file an appeal pursuant to N.J.S.A 54:4-63.11. Finally, the municipality opposes application of the Freeze Act because substantial improvements were made to the subject property subsequent to October 1, 1995, which both increased its value and created a basis for a valid added assessment.
For the reasons set forth below, this court denies taxpayer’s motion to enforce the settlement. Since there is a lack of evidence with respect to the completion date of the improvements, and, more specifically, whether the enhancement in value of the subject occurred after the relevant assessment date of October 1, 1995, this court denies taxpayer’s application for Freeze Act relief for the 1996,1997 and 1998 assessments without prejudice. »
*400 The relevant assessment date is October 1,1995. The undisputed facts indicate an added assessment was levied and not appealed pursuant to N.J.S.A. 54:4-63.11. Moreover, there is no dispute as to the time line of events leading up to and following the added assessment’s levy.[2] The chronology of undisputed facts is as follows:
Date Description
April/May 1995 Kearny’s assessor and other representatives inspect the subject.
June 1995 New lighting fixtures are installed in the subject.
October 1,1995 The tax year 1996 assessment against the subject is set at $26,716,000.
February 26,1996 Kearny’s representatives inspect the subject and note the improvements.
March 26 — 27,1996 Tax payer files a complaint in Tax Court challenging the 1996 assessment. At this time, appeals as to tax years 1991-1995 were also pending in the Tax Court, as well.
April 3,1996 Kearny files an Answer and Counterclaim.
April-July 1996 Settlement meetings take place between the taxpayer and municipality. The parties agree by way of correspondence to reduce the 1996 assessment to $18,216,000.
October 1,1996 A 1996 added assessment of $1,000,000 is levied against the subject property.
October 16,1996 United States Postal Service receives notice from the owner of the subject property (taxpayer is a tenant) of a tax bill for
*401 Date Description $52,530 reflecting a $1,000,000 added assessment.
October 18-21, 1996 Counsel for the respective parties execute the stipulation of settlement that reduces the 1996 tax assessment from $26,716,000 to $18,216,000. The executed stipulation of settlement is sent to. The Tax Court for filing.
Late October 1996 • Taxpayer pays the $52,530 tax bill for the added assessment. (Evidence of such payment was not supplied to this court.)
November 22,1996 The Tax Court enters judgments for tax years 1991-1996. The 1996 Tax Court judgment establishes the 1996 assessment at $18,216,000.
June 1997 Taxpayer files motion to enforce judgment pursuant to settlement and seeks Freeze Act relief from the added assessment of $1,000,000 for 1996,1997 and 1998.
Finally, it is undisputed that the settlement negotiations and executed stipulation of settlement failed to address the 1996 added assessment, despite the parties’ knowledge of the levy.
This court denies taxpayer’s application to enforce the $18,216,000 settlement because the issue is moot. With respect to the assessment as of October 1,1995 as well as the previous years included in the settlement, there is no dispute that $18,216,000 was the agreed assessment. New Jersey jurisprudence strongly favors the settlement of disputes. Herrera v. South Orange Village Tp., 270 N.J.Super. 417, 637 A.2d 526 (App.Div.1993), certif. denied, 136 N.J. 28, 641 A.2d 1039 (1994); Pascarella v. Bruck, 190 N.J.Super. 118, 124-125, 462 A.2d 186 (App.Div.), certif. denied, 94 N.J. 600, 468 A.2d 233 (1983); Honeywell v. Bubb, 130 N.J.Super. 130, 136, 325 A.2d 832 (App.Div.1974); Jannarone v. W.T. Co., 65 N.J.Super., 472, 476, 168 A.2d 72 (App.Div.), certif. *402 denied, 35 N.J. 61, 171 A.2d 147 (1961). An agreement between parties to settle a lawsuit is a contract that should be honored and enforced absent a showing of “fraud or other compelling circumstances.” Honeywell, supra, 130 N.J.Super. at 136, 325 A.2d 832. See also Nolan by Nolan v. Lee Ho, 120 N.J. 465, 577 A.2d 143 (1990); Pascarella, supra, 190 N.J.Super. at 125, 462 A.2d at 190.
It is clear that added assessments are separate and distinct from regular assessments. Rockaway 80 Assocs. v. Rockaway Tp., 15 N.J.Tax 326, 333 (Tax 1996). “In addition to the express statutory differences in the treatment of regular assessments and added assessments, considerations of assessing policy suggest the establishment of a clear separation of added assessments from regular assessments for Freeze Act purposes.” Id. at 333-334.
Our Legislature provided for the levy of added assessments in N.J.S.A 54:4-63.3, which states in relevant part:
... when any parcel of real property contains any building or other structure which has been erected, added to or improved after October 1 and completed between January 1 and October 1 following, the assessor shall, after examination and inquiry, determine the taxable value of such parcel of real property as of the first of the month following the date of ... such completion, and if such property was not assessed as of October 1 preceding or, if such value so determined exceeds the assessment made as of October 1 preceding, the assessor shall enter an assessment, as an added assessment against such parcel of real property ...
The added assessment statute’s purpose is “to permit the taxation of real property which becomes taxable during the year following the assessment date of October 1, in order to avoid' having properties escape taxation until the next assessment date arrives.” Snyder v. South Plainfield Bor., 1 N.J.Tax 3, 7 (Tax 1980).
Appeals from added assessments are provided for in N.J.S.A 54:4-63.11. “Appeals from added assessments shall be made to the county board of taxation on or before December 1 of the year of levy... In all other respects such appeals shall be governed by the laws concerning appeals from real property assessments.” Ibid. See also Royal Bradley Assocs. v. Bradley Beach Bor. 252 N.J.Super. 401, 599 A.2d 1288 (App.Div.1991); Venture 17 v. Hasbrouck Heights Bor., 12 N.J.Tax 152 (Tax 1991).
While it appears from the aforementioned stipulation that electrical improvements were being installed sometime in June *403 1995, no evidence was provided to this court indicating whether such improvements were completed or were “substantially ready” for their intended use, N.J.S.A 54:4-63.1, before or after October 1, 1995. At oral argument, both parties further acknowledged that the settlement discussions did not include the electrical improvements or the added assessment. Neither party asserted that the 1996 added assessment was improperly levied pursuant to N.J.S.A. 54:4-63.1 to -63.11, nor was an appeal filed disputing same.[3] Since taxpayers failed to appeal the 1996 added assessment, this court is without jurisdiction to eliminate the 1996 added assessment by granting taxpayer’s application to enforce the settlement. Accordingly, taxpayer’s motion to enforce the settlement is denied.
Taxpayer also moves to apply the Freeze Act to the alleged settlement for 1996 in the amount of $18,216,000. If such motion is granted, the 1997 and 1998 assessments will also remain at $18,216,000, thereby eliminating the $1,000,000 added assessment.[4] The Freeze Act is set forth in N.J.S.A 54:3-26 and N.J.S.A. 54:51A-8, for the county boards and Tax Court, respectively. Where a county board judgment is not appealed, the judgment will freeze the assessment for the following two years provided there is no change in value or revaluation or reassessment. N.J.S.A 54:3-26. Similarly, when a Tax Court judgment is entered, the Freeze Act applies to render the judgment conclusive and binding upon the municipality for the following two years. N.J.S.A. 54:51A-8.
Specifically, N.J.S.A 54:51A-8 provides:
*404 Where a final judgment has been rendered by the tax court involving real property, the judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to the proceeding, for the assessment year and for the 2 assessment years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the assessment date. Where those changes are alleged, the complaint shall specifically set forth the nature of the changes relied upon as the basis for the appeal. However, the conclusive and binding effect of the judgment shall terminate with the tax year immediately preceding the year in which a program for a complete revaluation of all real property within the district has been put into effect.
Furthermore,
An added assessment, therefore, imposed for all or a portion of a freeze year must, by statutory definition, be based on a change in value occurring after October 1 preceding the freeze year. An increase in assessment based upon a change in value resulting from work completed prior to the October 1 preceding the freeze year may not be imposed by an added assessment and may be imposed.only if the municipality follows the appropriate procedure for asserting a change in value.
[Rockaway 80 Assocs., supra, 15 N.J.Tax at 332, See also Glen Pointe Assocs. v. Teaneck Tp., 10 N.J.Tax 598, 600-601 (Tax 1989), aff'd sub nom. Glenpointe Assocs. v. Teaneck Tp., 12 N.J.Tax 127 (App.Div.1991).]
Our Supreme Court in City of Newark v. Fischer, 8 N.J. 191, 84 A.2d 547 (1951) articulated the purpose of the Freeze Act:
The evil which the ‘freeze’ statute sought to remedy was repeated yearly increases in the assessed value of property, not related to or justified by any changed increasing its market value, and resulting in harassment of the taxpayer, subjecting him to the trouble and expense of annual appeals to the county tax board.
[Id, at 199-200,84 A.2d 547.]
To avoid application of the Freeze Act, the taxing district has the burden of proving the property changed in value after the relevant assessment date, here October 1,1995. Id. A property’s “change in value -will render the Freeze Act inapplicable only if the change ‘is the result of either an internal or an external change occurring after the base-year assessing date which substantially and meaningfully increased the property’s value.” ’ Rockaway 80 Assoc. supra, 15 N.J.Tax at 331 (quoting Cumberland Arms Assocs. v. Burlington Tp., 10 N.J.Tax 255, 272 (Tax 1988)).
In this case, the taxing district has the burden to demonstrate that there was a change in value after the relevant assessing date, October 1, 1995, to avoid Freeze Act application for the 1996, 1997 and 1998 tax years. At oral argument, the parties agreed to a time line of events; however the time line did not *405 inform the court of the completion date of the electrical improvements. It appears that the improvements were installed and completed sometime between June 1995 and February 1996. As previously stated, there is no evidence from which this court can determine if the improvements constitute a meaningful change in value of the subject, and, if so, whether such change occurred prior to or after the relevant assessment date, October 1, 1995. Accordingly, this court denies taxpayer’s application for Freeze Act relief without prejudice.
For the aforementioned reasons, taxpayer’s motion to enforce a settlement for the 1996 tax year is hereby denied as moot. Furthermore, taxpayer’s motion to apply the Freeze Act to the 1996, 1997 and 1998 tax years is also denied without prejudice.

 While only the 1996 tax year is at issue in the motion before this court, the agreements settled the 1991 — 1996 tax years.

 The tíme line of events was provided to this court in the form of a document agreed to by the parties at oral argument.

 The taxpayer never disputed the validity of the added assessment levy but rather acknowledged the levy was not addressed prior to the execution of the settlement agreement. It may very well be that the improvements were installed and completed prior to October 1, 1995. However, this court was not supplied with any evidence indicating such; and, even if such evidence were supplied, the taxpayer was still required to file an appeal.

 The town can still resist the Freeze Act by proving there was a change in the value of the property after the relevant assessment date. See N.J.S.A. 54:51A-8.