PER CURIAM.
Defendant, Town of Kearny, appeals from a determination by the Tax Court that the Freeze Act, N.J.S.A. 54:51A-8, applied to bar defendant’s added assessment upon real property leased by plaintiff, United States Postal Service.
*79 On November 22, 1996, a judgment was entered by the Tax Court setting forth the terms of a settlement of a suit disputing property tax assessments made by defendant on plaintiffs North Jersey General Mail Handling Facility located in Kearny. As part of the settlement the parties agreed on the assessed value of taxpayers’ property. In June 1997, the Postal Service filed a motion to enforce the judgment, alleging that the Town had breached the settlement agreement by unilaterally increasing the tax assessments in that agreement. The June 1997 motion also sought to invoke the Freeze Act. On June 15,1998, the Tax Court denied the motion because taxpayers had not filed an appeal from the added assessment pursuant to N.J.S.A. 54:4-63.11, but held that the added assessment might nevertheless be barred by the Freeze Act. See United State Postal Service v. Town of Kearny, 17 N.J.Tax 397 (1998). The court, therefore, denied the motion without prejudice. Id. at 399.
In October 2000, the Tax Court held a plenary hearing to obtain more evidence on the matter. In an unpublished opinion the court held that the Freeze Act was applicable to the disputed assessment. On April 6, 2001, the Tax Court entered a final judgment confirming that the assessed value of the Postal Service’s property was that stipulated under the settlement agreement and reflected in the original judgment.
On appeal, defendant presents the following issues for our consideration:
THE FREEZE ACT, N.J.S.A. 54:51A-8, DOES NOT APPLY TO REDUCE THE 1996-1998 ASSESSMENTS
A. THE FREEZE ACT DOES NOT APPLY TO REDUCE THE 1996 ASSESSMENT WHICH WAS ALREADY REDUCED BY TAX COURT JUDGMENT FROM 826,716,000 TO $18,216,000 SINCE THE POSTAL SERVICE DID NOT FILE A TIMELY TAX APPEAL FROM THE PROPERLY LEVIED $1,000,000 ADDED ASSESSMENT.
B. THE FREEZE ACT DOES NOT APPLY TO REDUCE THE 1997 AND 1998 ASSESSMENTS SINCE THE POSTAL SERVICE DID NOT FILE A TIMELY TAX APPEAL AND THE PROPERTY MEANINGFULLY INCREASED IN VALUE DUE TO THE ADDED IMPROVEMENTS.
C. THE SUPREMACY CLAUSE DOES NOT SUPPORT A RESULT THAT IS CONTRARY TO KEARNY’S INTERPRETATION OF THE FREEZE ACT.
*80 D. SINCE THE POSTAL SERVICE FAILED TO ADVISE KEARNY OF THE IMPROVEMENTS PRIOR TO THE OCTOBER 1, 1995 ASSESSING DATE, FOR PURPOSES OF THE FREEZE ACT, THE POSTAL SERVICE MUST BE ESTOPPED FROM ARGUING THAT KEARNY KNEW, OR SHOULD HAVE KNOWN, ABOUT THE IMPROVEMENTS PRIOR TO OCTOBER 1, 1995.
We affirm substantially for the reasons expressed by Judge Kahn in his thorough and well-reasoned opinion of March 19, 2001. Judge Kahn’s findings were supported by adequate, substantial and credible evidence in the record. Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484, 328 A.2d 495, 500-01 (1974).
Affirmed.