**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2284-17T4

IDALIS KIZIEE,

     Petitioner-Respondent,

v.

CAMDEN COUNTY
DEPARTMENT OF HEALTH,

     Respondent-Appellant.

_____

Argued February 11, 2019 – Decided May 23, 2019

Before Judges Haas and Sumners.

On appeal from the New Jersey Department of Community Affairs, Agency Docket No. OCA 211-17.

Howard Goldberg, First Assistant County Counsel, argued the cause for appellant (Christopher A. Orlando, County Counsel, attorney; Howard Goldberg, on the brief).

Sonia L. Bell argued the cause for respondent Idalis Kiziee (South Jersey Legal Services, Inc., attorneys; Sonia L. Bell, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Department of Community Affairs (Dominic L. Giova, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

The Camden County Department of Health (the County) appeals the final agency decision of the Commissioner of the Department of Community Affairs, which adopted the initial decision of the Administrative Law Judge (ALJ) that ordered the County to pay relocation assistance in accordance with the Relocation Assistance Act (Relocation Act), N.J.S.A. 20:4-1 to -22, and the Relocation Assistance Law of 1967 (Relocation Law) , N.J.S.A. 52:31B-1 to -12, to Idalis Kiziee because she received oral and written notice from the County to vacate her rental home (the property) due to mold infestation. The County contends the Commissioner's ruling is arbitrary, capricious or unreasonable because it did not direct Kiziee and her family to vacate the property as required by the Relocation Act and the Relocation Law (collectively the legislation). We agree with the ALJ's interpretation of the legislation, statutes and the implementing regulations, and applying our deferential standard of review to a state agency's fact-finding decisions, we affirm.

It is well settled that the Legislature fashioned a statutory design in the legislation to establish a uniform policy for fair and equitable treatment of

persons displaced, not only by acquisition, condemnation, or voluntary rehabilitation programs, but also by building code enforcement activities. McNally v. Middletown Twp., 182 N.J. Super. 622, 625-626 (App. Div. 1982). The Relocation Law provides for relocation assistance payments "to persons or businesses displaced on account of acquisition of real property for a public use, or on account of a program of law enforcement, or on account of a program for voluntary rehabilitation of dwelling units[.]" N.J.S.A. 52:31B-4(a). The Relocation Act was enacted to provide "a uniform policy for fair and equitable treatment of persons displaced by the acquisition of real property by State and local land acquisition programs, by building code enforcement activities, or by a program of voluntary rehabilitation of buildings or other improvements conducted pursuant to governmental supervision." N.J.S.A. 20:4-2.

The dispute before us involves whether the County directed Kiziee to vacate the property due to mold infestation, which thereby entitles her to relocation expenses under the legislation. Following a fact finding hearing at which Kiziee and Ann Biondi, the County's Director of Health and Human Services, testified, the ALJ found that Kiziee, her husband, and their three children were directed in writing, as well as given verbal direction, to leave the

A-2284-17T4

property because of mold infestation in the children's bedroom and a second floor closet caused by a leaking roof.

The ALJ cited inspections by Winslow Township and the County. The township's Chief Inspector inspected the property after Kiziee retained a private inspection, and he issued a violation notice[1] requiring the property owner to hire a certified mold remediation company to remove mold in all areas of infestation. This was followed by an inspection by the County's Health Officer, who also reviewed the private inspection report. The Health Officer issued a verbal and written recommendation that the family should vacate the property. According to the ALJ, the verbal recommendation was to do so "as soon as possible." About two weeks later, the family moved out of the property, and Kiziee sought relocation assistance approximately three weeks later. The County denied the request for assistance.

In deciding in Kiziee's favor, the ALJ cited the Relocation Act and the Relocation Law, stating that they both

> demonstrate the public policy to provide for the protection of the health and welfare of the residents of this State in order to assure the uniform, fair and equitable relocation of persons displaced by State and local land acquisition, activities, projects, and code enforcement. The Legislative policy expressly states

---

[1] In total, the violation notice identified fourteen code violations.

A-2284-17T4

that the act should be liberally construed to effectuate the purposes and intent thereof. N.J.S.A. 52:31B-2; N.J.S.A. 20:4-2.

The ALJ also cited regulations promulgated by the Department of Community Affairs to carry out the legislation. She referenced N.J.A.C. 5:11-2.1(a), which provides:

> Whenever a State Agency or unit of local government undertakes a program of building code enforcement, housing code enforcement or health code enforcement that causes the displacement of any person, the said State Agency or unit of local government shall provide relocation payments and assistance to all lawful occupants who are displaced, as provided in N.J.A.C. 5:11-3 and 4. The date of eligibility shall be the date occupants received formal written notice to vacate from the State Agency or unit of local government. Said written notice shall include the information required pursuant to N.J.A.C. 5:11-4.2.

The ALJ pointed out the notification requirements under N.J.A.C. 5:11-4.2 required that

> [w]henever a displacing agency determines that their activities shall cause a displacement of individuals or businesses that are eligible for relocation payments and assistance, the displacing agency shall notify those individuals and businesses, in writing, at the earliest possible date of the benefits and obligations of the Act and this chapter. Said notice shall be issued immediately upon the determination of the displacing agency that displacement shall occur. The notice shall contain the nature and types of payments and assistance available, the eligibility criteria, and a notice that the

displacee should not vacate the property prior to being authorized to do so in order to remain eligible for payment and assistance and that they should continue to pay rent to the landlord, as provided by the law.

To determine whether Kiziee and her family were displaced, the ALJ cited the Relocation Act, which defines a displaced person as:

> A person who moves or discontinues his business or moves other personal property, or moves from his dwelling on or after the effective date of this act as the direct result of code enforcement activities, or a program of rehabilitation of buildings conducted pursuant to a governmental program, is deemed to be a displaced person for the purposes of this act.
>
> [N.J.S.A. 20:4-14.]

She also relied upon the Relocation Law that states the term "displaced"

> shall mean required to vacate any real property, or any tenancy therein, pursuant to any lawful order or notice of any State agency or unit of local government on account of the acquisition of any real property for a public use, or on account of a program of law enforcement, or on account of a program or project for the voluntary rehabilitation of dwelling units.
>
> [N.J.S.A. 52:31B-3(e).]

The ALJ then cited McNally, where we relied upon the statutory provisions and the same regulations to determine that the Commissioner properly allowed relocation assistance where the inhabitant vacated her home

"by virtue of the direct, not indirect, action of [the township's] building inspector."  182 N.J. Super. at 626.

Consequently, the ALJ concluded that Kiziee received "both oral and written notice to vacate [her] rental home because of a serious health condition, and the notification is within purview of the applicable statutes and regulations to qualify for relocation assistance."

Before us, the County argues that Kiziee was not displaced due to a law enforcement process and that the Relocation Law does not apply to her situation because she was not provided a written notice to vacate the property.  Thus, it asserts the ALJ, and in turn the Commissioner, misapplied the law.  We are not persuaded.

Our scope of review of an administrative agency's final decision is limited.  In re Hermann, 192 N.J. 19, 27 (2007).  The "final determination of an administrative agency . . . is entitled to substantial deference."  In re Eastwick Coll. LPN-to RN Bridge Program, 225 N.J. 533, 541 (2016).  To that end, we will "not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not

supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008).

Additionally, we give "due regard to the opportunity of the one who heard the witnesses to judge . . . their credibility[,]" and, therefore, accept their findings of fact "when supported by adequate, substantial and credible evidence[.]" In re Taylor, 158 N.J. 644, 656 (1999). "'Deference to an agency decision is particularly appropriate where the interpretation of the [a]gency's own regulation is in issue.'" R.S. v. Div. Med. Assistance & Health Servs., 434 N.J. Super. 250, 261 (App. Div. 2014) (quoting I.L. v. N.J. Dep't of Human Servs., Div. of Med. Assistance & Health Servs., 389 N.J. Super. 354, 364 (App. Div. 2006)). "Nevertheless, 'we are not bound by the agency's legal opinions.'" A.B. v. Div. of Med. Assistance & Health Servs., 407 N.J. Super. 330, 340 (App. Div. 2009) (quoting Levine v. State Dep't of Transp., 338 N.J. Super. 28, 32 (App. Div. 2001)). "Statutory and regulatory construction is a purely legal issue subject to de novo review." Ibid. (citing Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

We have considered the County's contentions that the ALJ's initial decision, which was fully adopted by the Commissioner, is arbitrary, capricious or unreasonable. In light of the record and applicable legal principles, we

conclude they are without sufficient merit to warrant a discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed in the ALJ's decision, which is supported by sufficient credible evidence in the record, Rule 2:11-3(e)(1)(D), and is not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION