ASA F. WARREN AND VERNA M. WARREN, PLAINTIFFS-APPELLANTS, v. THE EMPLOYERS' FIRE INSURANCE COMPANY, BOSTON, MASSACHUSETTS, DEFENDANT-RESPONDENT.

Argued November 6, 1968—Decided March 3, 1969.

*Mr. William J. Hughes* argued the cause for appellants (*Messrs. Loveland, Hughes & Garrett,* attorneys).

*Mr. Manuel H. Greenberg* argued the cause for respondent (*Messrs Arkus & Cooper,* attorneys; *Mr. Greenberg,* on the brief).

The opinion of the court was delivered by

SCHETTINO, J. Plaintiffs, Asa F. Warren and Verna M. Warren, instituted suit on May 24, 1966 in the Superior Court, Law Division, seeking recovery for smoke damages caused by a malfunctioning heating unit in their home, and allegedly covered by an insurance policy issued by defendant. At the conclusion of the entire case defendant renewed its motion for judgment of dismissal, originally made and denied at the end of plaintiffs' case. The trial court granted this motion, finding that defendant was not estopped from raising the period of limitations as a defense, and that plaintiffs had ample time within which to bring suit after learning of the necessity for doing so. The Appellate Division affirmed, 100 *N. J. Super.* 464 (*App. Div.* 1968), and we thereafter granted certification. 52 *N. J.* 164 (1968).

Plaintiffs obtained the insurance policy through Charles E. Murray, a friend and neighbor of the plaintiffs, and allegedly an agent of the defendant. The policy contained the stan-

dard statutory period of limitations as required by *N. J. S. A.* 17:36–5.20 (1963).

"No suit on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless * * * commenced within twelve months next after the inception of the loss."

Smoke coverage on the contents of the house was limited to sudden and accidental damage.

On or about Christmas 1964 the contents and interior of plaintiffs' house were damaged by the malfunctioning of a baseboard heating unit. Murray was informed of the damage on the following day, but failed to notify defendant until March 1965. From that time through November 1965, a period of nine months, plaintiffs and defendant attempted to reach a settlement agreeable to all concerned.

An insurance adjuster inspected the house in March, and estimated damages at $900. Several cleaning companies also provided estimates of the cost of cleaning the house. In April 1965 plaintiffs were offered $173.65 in settlement of the claim, based on the cost of cleaning the interior of the house. The company conceded it was liable for the damage to the building, $173.65 being its estimate of that damage. Liability for the damage to the contents of the house was disclaimed for the reason that the policy limited content coverage to "sudden and accidental damage from smoke." Sporadic negotiations continued, with Murray interceding in an attempt to reach a settlement satisfactory to both plaintiffs and defendant. Murray admitted "steering" plaintiffs away from an attorney because "the practice of an insurance company is not to get an attorney involved in [negotiations]."

Around Thanksgiving 1965 Murray informed plaintiffs that the insurance company would not offer more than $173.65, and advised them to obtain the services of an attorney. When an attorney was retained several weeks later, he immediately attempted to contact the insurance company by letter. No reply necessitated a second letter, culminating

in a meeting in February between the attorney and the adjuster. At the meeting (the period of limitations had now run) the $173.65 offer was reiterated, and the adjuster indicated he would again discuss the matter with the company. Nothing further was accomplished, however, and the plaintiffs, as stated above, filed suit on May 24, 1966, five months beyond the "twelve months next after the inception of the loss."

Plaintiffs claim error in the trial court's holding that defendant was not estopped from raising the contract's statutorily imposed period of limitations, and in the grant of defendant's motion for judgment. We agree that the motion should have been denied.

In both the Appellate Division and trial court decisions, there was an implicit finding that negotiations terminated in late November 1965, which left plaintiff one month within which to bring suit. Because we do not believe this finding is supported by the record, it is not necessary to express an opinion on whether that month was sufficient time within which to bring suit. More importantly, the view we take of the case eliminates the necessity of reaching other questions with regard to the application of the doctrine of estoppel. We hold that the insurance company's failure to make payment of the amount to which it admitted liability precludes the insurance company from raising the period of limitations as a defense. The company was obligated by its contract to pay what it conceded that it owed, and to do so without prejudice to the right of its insureds to sue for the disputed balance of their claim. Since payment of the admitted liability was not made, the period of limitations may not be relied on.

██ Although the period of limitations is required by statute, the limitation is nonetheless part of the contract and becomes part of the contractual provisions. *N. J. S. A.* 17:36–5.20 (1963). Before an insurance company will be heard to allege the breach of a contractual provision by plaintiff, the insurance company must be able to assert its

own lack of any breach. It is implicit in every insurance contract, however, that an insurance company is obligated to pay amounts to which it admits liability. The failure of the insurance company to remit payment results in a breach of the contract by the insurance company which prevents it from raising the alleged breach by the insured.

This holding accords with that of the Oklahoma Supreme Court in *Agricultural Ins. Co. of Watertown, N. Y. v. Iglehart,* 386 *P. 2d* 145 (*Okl. Sup. Ct.* 1963), where it was held that an insurance company which had admitted liability to some extent but had never tendered payment on the claim could not rely on the period of limitations provided in the policy. As indicated above, we agree that the insurer must make payment of the amounts for which it is admittedly liable if it intends to rely on the period of limitations to bar plaintiffs' claim. Equity demands that this result be reached.

Under the facts of this case, we hold as a matter of law that defendant may not assert the period of limitation as a defense to this action, and that plaintiffs' suit was timely. We reverse and remand to the Law Division of the Superior Court for further proceedings not inconsistent with the views expressed here.

Reverse and remand.

*For reversal and remandment* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN — 7.

*For affirmance* — None.