NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2973
_____

ALFONSO J. LONGO;
JANET LONGO,
Appellants

v.

FIRST NATIONAL MORTGAGE SOURCES; US CERTIFIED SIGNERS; LENDER'S
FIRST CHOICE; FIRST NATIONAL BANK; SAXON MORTGAGE; NEW
CENTURY MORTGAGE; MICHAEL LEFRENAIS; DAVID LAWRENCE; JOHN
DOES 1-10; ABC COMPANIES 1-10,

_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 3-07-cv-04372)
District Judge: Honorable Mary L. Cooper
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 18, 2013

Before: FUENTES, CHAGARES, and BARRY, *Circuit Judges*

(Opinion Filed: April 29, 2013)
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*:

Appellants Alfonso and Janet Longo (the "Longos") appeal the District Court's August 10, 2010 Order and Opinion finding that the settlement they entered into with Appellee First National Bank ("First National") was binding and enforceable. For the following reasons, we will affirm the decision of the District Court.

## I. Background

Because we write primarily for the parties, who are well acquainted with this case, we recite only the facts essential to our disposition of this appeal. In September 2007, the Longos filed a complaint in the District Court for the District of New Jersey against First National and several other defendants based on defendants' alleged fraud, among other things, in connection with the refinancing of the Longos' home mortgage loan.

In May 2008, the parties entered into settlement negotiations. In early July 2008, the Longos were informed by counsel from Lite, DePalma, Greenberg & Rivas ("DePalma")—the law firm that was representing them on a contingency fee basis—that First National had offered $5,000 to settle the case.[1] The Longos claim that DePalma associate Jennifer Sarnelli, Esq. advised them that the District Court was "getting ready to dismiss" First National from the case, and that "taking something would be better than walking away with nothing."[2] Longos Br. at 16. After taking some time to mull over the

---

[1] It is unclear whether they were initially advised of the settlement offer by DePalma partner Albert Rivas, Esq., *see* Longos' Br. at 16, or DePalma associate Jennifer Sarnelli, Esq., *see* App. 230.

[2] It is unclear why counsel would have made this statement, as there is nothing in the record establishing that the court had given any such indication. The statement

2

offer, the Longos advised Ms. Sarnelli that they would accept it under the circumstances presented. Soon thereafter, Ms. Sarnelli e-mailed Gina Zippilli, Esq., attorney for First National, stating: "My client is willing to accept $5,000 to settle." App. 137. Ms. Zippilli promptly responded: "5,000 it is. I will draft the release for you this week." App. 137. The parties spent the rest of the week working out the precise language of the release.

On July 15, 2008, Janet Longo sent an e-mail to Ms. Sarnelli stating in part that "Al and I respectfully disagree with your decision to release First National Bank. After careful consideration we do not want the money they have offered. I ask you to reconsider your decision and let the court decide if they should be dismissed." App. 3. Ms. Sarnelli then communicated to Ms. Zippilli that the Longos were no longer interested in settling. Shortly thereafter, DePalma filed a motion to withdraw as counsel for the Longos, which the District Court granted. On January 29, 2010, First National filed a motion to enforce the settlement it claimed to have negotiated with the Longos. The District Court referred the issue to a Magistrate Judge, who held a hearing on the matter in June 2010. On July 14, 2010, the Magistrate Judge issued a report and recommendation recommending that First National's motion to enforce the settlement be granted. On August 10, 2010, the District Court issued an order and accompanying opinion adopting the Magistrate Judge's Report and Recommendation. On May 9, 2011

---

undoubtedly confused the Longos, who "did not understand why the court would dismiss them." Longos' Br. at 16. If such a statement was made, the Longos may have a cause of action against their attorney for malpractice. However the existence or veracity of such statement does not affect our decision regarding the validity of the settlement.

the District Court issued a final order (the "May 9 Order") dismissing the case "without prejudice to the right, upon good cause shown within 60 days, to reopen the action if the settlement is not consummated." App. 16. The Longos filed a notice of appeal on July 20, 2011.

## II. Discussion

### A. Jurisdiction

First National argues that we do not have jurisdiction over this appeal, as the Longos' Notice of Appeal was filed more than 30 days after the May 9 Order. *See* Fed. R. App. P. 4(a)(1)(A) (requiring notice of appeal in civil case to be filed within 30 days of entry of order or judgment being appealed); *see also Bowles v. Russell*, 551 U.S. 205, 209-10 (2007) (holding that the 30-day limit is mandatory and jurisdictional). The question of whether a notice of appeal is timely filed with the Court of Appeals is a question of law over which we exercise plenary review. *Lizardo v. United States*, 619 F.3d 273, 276 (3d Cir. 2010).

> In *Berke v. Bloch*, 242 F.3d 131 (3d Cir. 2001), we held that when
>
> a District Court dismisses a case pending settlement, and grants the Appellants leave to re-file within a set period of time, the order cannot be considered final for the purposes of appeal on the date it was entered. . . . Instead, if terms are reached, and/or the plaintiff makes no attempt to re-open the litigation, the order ripens into a final, appealable order upon the expiration of the fixed time period.

*Id.* at 135. In its May 9 Order, the District Court dismissed the case "without prejudice to the right, upon good cause shown within 60 days, to reopen the action if the settlement is not consummated." App. 16. Thus, the May 9 Order did not become final until 60 days

4

after it was entered, which was July 8, 2011, and the Longos had 30 days from that date, or until August 7, 2011, to file their appeal. Accordingly, their notice of appeal, filed on July 20, 2011, was timely filed, and we have jurisdiction pursuant to 28 U.S.C. § 1291. The District Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

## B.      Settlement Agreement

A settlement agreement is a contract, and thus we must turn to New Jersey contract law to settle this dispute. *See Metro. Life Ins. Co. v. Hayes-Green*, No. 07-cv-2492 (WJM), 2008 WL 2119976, at *1 (D.N.J. May 20, 2008). Where, as here, there has been an evidentiary hearing and explicit findings of fact have been made, we review the District Court's decision to enforce a settlement agreement for clear error. *See Tiernan v. Devoe*, 923 F.2d 1024, 1031 n.5 (3d Cir. 1991).

In New Jersey there is a strong public policy in favor of settlements. *See Nolan v. Lee Ho*, 577 A.2d 143, 146 (N.J. 1990). "Consequently, . . . courts have refused to vacate final settlements absent compelling circumstances." *Id.* "[A]n agreement to resolve a matter will be enforced as long as the agreement addresses the principal terms required to resolve the dispute." *Willingboro Mall, Ltd. v. 240/242 Franklin Ave., L.L.C.,* 24 A.3d 802, 807 (N.J. Super. Ct. App. Div. 2011). However, courts will not enforce a settlement "where there appears to have been an absence of mutuality of accord between the parties or their attorneys in some substantial particulars, or the stipulated agreement is incomplete in some of its material and essential terms." *Bistricer v. Bistricer*, 555 A.2d 45, 47 (N.J. Super. Ct. Ch. Div. 1987) (quotation marks and citation omitted).

5

The Longos argue that the "essential terms" of the settlement agreement were never agreed upon by the parties. In addition they argue that there was no "meeting of the minds" because they did not understand what the $5,000 was being offered in exchange for. Finally, they argue that their counsel did not have authority to bind them. The District Court considered and rejected these arguments in adopting the Report and Recommendation of the Magistrate Judge. We find no clear error in its decision. It is undisputed that on July 7, 2008, the Longos verbally advised their attorney that they would accept $5,000 from First National to settle the case. Longos' Br. at 16. It is further undisputed that their attorney immediately e-mailed opposing counsel and advised her that the Longos would accept the proposed settlement offer. App. 137. This created a binding and enforceable contract under New Jersey law. *See United States v. Lightman*, 988 F. Supp. 448, 458 (D.N.J. 1997) ("A contract is formed where there is offer and acceptance and terms sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty." (citing *Weichert Co. Realtors v. Ryan*, 608 A.2d 280, 284 (N.J. 1992))).

## III. Conclusion

Accordingly, we will affirm the Order and Opinion of the District Court.