```
NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION
```
This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3065-15T3

JO ANN SICA PAPPALARDO,
individually and as
Executrix of THE ESTATE
OF JOHN E. PAPPALARDO,

    Plaintiffs,

v.

PEE WEE PREP, INC., a New
Jersey Corporation,
PAPPALARDO, an alleged
partnership,

    Defendants,

NEIL PAPPALARDO and TERESA
PAPPALARDO,

    Defendants-Appellants,

and

PENTAX SERVICE, INC., ROBERT
SZMITKOWSKI, tax preparer/
accountant, THE ESTATE OF
LEON SZMITKOWSKI, public
accountant, CHASE BANK USA
N.A., CITIBANK N.A./CITI
AT&T UNIVERSAL MASTERCARD,
CAPITAL ONE BANK, ESTATE
INFORMATION SERVICES, LLC,

        Defendants,

v.

GARY NORGAARD, FISCAL
AGENT,

        Defendant-Respondent.

_____

                Submitted April 25, 2017 — Decided June 2, 2017

                Before Judges Reisner and Rothstadt.

                On appeal from Superior Court of New Jersey,
                Law Division, Hudson County, Docket No. L-
                0899-14.

                James A. Sylvester, attorney for appellants.

                Norgaard O'Boyle attorneys for respondent
                (Cassandra C. Norgaard, on the brief).

PER CURIAM

        Defendants, Neil Pappalardo and Teresa Pappalardo, appeal
from the Law Division's February 11, 2016 order[1] enforcing the
parties' written settlement agreement and permitting the fiscal
agent, Gary K. Norgaard, to obtain a default judgment against
defendants in the amount of $50,000 based upon their default in
payment.  The motion judge determined that based upon the terms

_____

[1]     Defendants had also appealed from a second order entered by
the court on the same date.  That order entered a judgment in
favor of plaintiffs, Jo Ann Sica Pappalardo and the Estate of John
Pappalardo.  The parties resolved that appeal and, by stipulation
of partial dismissal filed on June 23, 2016, with this court, they
agreed to dismiss that appeal.

of the written settlement agreement and defendants' testimony confirming their acceptance and understanding of its terms, the agreement should be enforced, even though a promissory note contemplated in the agreement was never signed.  On appeal, defendants argue that the motion judge's findings were not supported by the record and were otherwise erroneous.  In addition, they contend that, even if the settlement agreement was enforceable, the motion judge impermissibly altered its terms, and it was a miscarriage of justice for the judge to allow the fiscal agent to benefit from his "intransigence and unilateral attempts to alter the terms of the settlement agreement."  We disagree and affirm.

"On a disputed motion to enforce a settlement," a trial court must apply the same standards "as on a motion for summary judgment."  Amatuzzo v. Kozmiuk, 305 N.J. Super. 469, 474-75 (App. Div. 1997).  In reviewing the grant or denial of summary judgment, we apply the same standard that governs the trial court, Townsend v. Pierre, 221 N.J. 36, 59 (2015), which requires denial of summary judgment if "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party."  Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

The salient facts, drawn from the competent, evidential materials and viewed "in the light most favorable to [defendants], the non-moving part[ies]," Lippman v. Ethicon, Inc., 222 N.J. 362, 367 (2015) (citing Brill, supra, 142 N.J. at 523, 540), were substantially undisputed and can be summarized as follows.

The parties' concerns a dispute entered on November 5, 2015. On that date, the motion judge and the parties completed jury selection for the trial of the underlying corporate dispute that led to the appointment of the fiscal agent. After jury selection, the parties informed the judge they had settled the matter, entered into a settlement agreement, and wished to go over its terms on the record, with the parties testifying under oath as to their understanding and acceptance of the agreement.

The written settlement agreement provided in paragraph thirteen that defendants would deliver to the fiscal agent a promissory note in the amount of $50,000 that would require payments at the rate of $650 per month with interest at the rate of one percent.[2] Payments were to be made by "bank check or money order." Paragraph twenty addressed defaults and stated that

> a default as to any provision . . . , including
> without limitation a failure of payment as

---

[2] The fiscal agent was not a signatory to the agreement but was instead an intended beneficiary of defendants' agreement with plaintiffs to resolve amounts owed for the fiscal agent's fees incurred in the litigation.

provided herein which is not cured within five (5) days of the due date shall constitute a default under all terms of this Agreement. Upon default [p]laintiff's counsel may seek the entry of judgment upon submission of an affidavit proving the default.

At the November 5 hearing, defendants and the fiscal agent testified that they understood the agreement's terms and accepted them. Theresa Pappalardo and the fiscal agent specifically stated that they understood that the payments would begin on January 1, 2016.

After the hearing, the parties attempted to agree upon a promissory note that incorporated the terms of their settlement. When they could not agree and after the January 1 payment due date passed, the fiscal agent filed a motion on January 6, 2016, to enforce the agreement by entering judgment against defendants for the full amount owed. In his supporting certification, the fiscal agent asked the court to compel defendants to accept his proposed form of promissory note, or some variation of it, or order that the entire balance be accelerated.

Defendants and their attorney filed certifications in opposition to the fiscal agent's motion. In their January 13, 2016 certifications, they each certified that Neil Pappalardo tendered the first payment on January 4, 2016, and, according to Theresa Pappalardo, the fiscal agent cashed the check.

5

The motion judge considered oral argument on January 22, 2016. At the hearing, the fiscal agent confirmed that he had not received a check from defendants prior to filing his motion to enforce, but received it on January 15. He advised that it was a personal check dated January 13, 2016, so, unless the check was post-dated, defendants had not sent it prior to filing their certifications. He asserted that, in any event, the check was late and not in proper form. Defendants' counsel responded by arguing that the parties had not agreed upon a grace period, but both forms of proposed notes contained that feature. As a result, defendants' delay in sending the check was contemplated by the parties.

On February 11, 2016, the motion judge entered the order enforcing the settlement agreement and permitting the fiscal agent to obtain a judgment against defendants. On the same date, the judge placed his reasons on the record in a comprehensive oral decision. In his decision, the judge reviewed the parties' testimony from when the settlement was placed on the record, including their confirmation that they understood that the first payment was due to the fiscal agent on January 1, 2016. The judge concluded that the settlement agreement should be enforced as the parties "knowingly, willingly and purposefully settled the case." Based on "the only terms of the debt that were presented to the

[c]ourt," the judge found that the parties did not dispute "the amount each party was obligated to pay, the amount of the defendant[s'] monthly payments, . . . [the] one-percent interest rate[, and that payments] "were due on the first day of each month." The judge entered the order and this appeal followed.

We begin our review by acknowledging "New Jersey's strong public policy in favor of the settlement of litigation," Gere v. Louis, 209 N.J. 486, 500 (2012), and the enforcement of settlement agreements like any other contract. Nolan v. Lee Ho, 120 N.J. 465, 472 (1990); see also Pascarella v. Bruck, 190 N.J. Super. 118, 124-25 (App. Div.), certif. denied, 94 N.J. 600 (1983).

In furtherance of the strong policy of enforcing settlements, "our courts strain to give effect to the terms of a settlement wherever possible." Brundage v. Estate of Carambio, 195 N.J. 575, 601 (2008) (citation and internal quotation marks omitted). Therefore, an agreement to settle a lawsuit will be honored and enforced in the absence of fraud or other compelling circumstances. Nolan, supra, 120 N.J. at 472. However, unless there is "an agreement to the essential terms" by the parties, there is no settlement in the first instance. Mosley v. Femina Fashions, Inc., 356 N.J. Super. 118, 126 (App. Div. 2002), certif. denied, 176 N.J. 279 (2003); see also Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992) (holding that if the parties agree on the

essential terms and to be bound by those terms, an enforceable contract has been created).

"[A]n agreement to resolve a matter will be enforced as long as the agreement addresses the principal terms required to resolve the dispute." Willingboro Mall, Ltd. v. 240/242 Franklin Ave., L.L.C., 421 N.J. Super. 445, 453 (App. Div. 2011), aff'd, 215 N.J. 242 (2013). "Where the parties agree upon the essential terms of a settlement, so that the mechanics can be 'fleshed out' in a writing to be thereafter executed, the settlement will be enforced notwithstanding the fact the writing does not materialize because a party later reneges." Lahue v. Pio Costa, 263 N.J. Super. 575, 596 (App. Div.) (quoting Bistricer v. Bistricer, 231 N.J. Super. 143, 145 (Ch. Div. 1987)), certif. denied, 134 N.J. 477 (1993).

Applying these guiding principles, we conclude defendants' arguments are without sufficient merit to warrant further discussion beyond these brief comments. R. 2:11-3(e)(1)(E). The material terms of their settlement were set forth in the written agreement and placed on the record by the parties. We agree with the motion judge's conclusion that the settlement agreement was enforceable, and that defendants breached their agreement by failing to make payment in accordance with those terms. Payment was due on January 1, 2016, in the form of a money order or bank check and, considering the default provision of the settlement

agreement, payment was made at least five days after the due date and not in proper form.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION