**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4198-18T4

DR. JERROLD FEIGENBAUM,
MICHAEL HARTUNG, and
LINDA MCDAVITT, Personal
Representative and Trustee of
the Estate of Trust of Edward
J. McGrath,

     Plaintiffs-Appellants,

v.

MW PROPERTIES, LLC,
DIVERSIFIED PROPERTIES,
LLC, MARSHALL WEINERMAN,
individually and in his capacity
as Managing Member of MW
Properties, LLC, NICHOLAS
MINOIA, and HOWARD
WEINERMAN,

     Defendants-Respondents,

and

DPMW ASSOCIATES, LLC and
DP LLC,

     Defendants.

_____

Argued October 14, 2020 – Decided December 16, 2020

Before Judges Haas and Natali.

On appeal from the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. C-000121-17.

Julian Wilsey argued the cause for appellants (Franzblau Dratch, PC, attorneys; Julian Wilsey, on the briefs).

Daniel P. McNerney argued the cause for respondents MW Properties LLC, Marshall Weinerman and Howard Weinerman (Bruce C. Licausi and McNerney & McAuliffe, attorneys; Daniel P. McNerney, of counsel and on the brief).

Geoffrey T. Bray argued the cause for respondents Nicholas Minoia and Diversified Properties, LLC (Bray & Bray, LLC, attorneys; Geoffrey T. Bray, on the brief).

PER CURIAM

Plaintiffs Dr. Jerold Feigenbaum, Michael Hartung, and Linda McDavit[1] appeal the following three Chancery Division orders: 1) a November 9, 2018 order denying their motion to enforce a settlement; 2) a January 30, 2019 order granting motions by defendants Marshall Weinerman, Howard Weinerman, Nicholas Minoia, Diversified Properties, LLC (DP), and MW Properties, LLC

---

[1] Plaintiffs amended the complaint to add McDavit, the daughter of the late Edward J. McGrath, as executrix of her father's estate.

(MW) to dismiss the complaint as barred by the statute of limitations; and 3) a May 2, 2019 order denying their motion for reconsideration. After carefully reviewing the record and the applicable legal principles, we vacate the aforementioned orders and remand for further proceedings to address plaintiffs' claim that the parties entered into a binding settlement agreement.

I.

In 2017, plaintiffs filed a complaint against defendants MW, DPMW Associates, LLC,[2] Marshall Weinerman, Howard Weinerman (collectively the "Weinerman defendants"), DP, and Nicholas Minoia (collectively the "Minoia defendants"). The plaintiffs sought an accounting and also asserted claims sounding in consumer and common law fraud, negligent misrepresentation, misappropriation, breach of fiduciary duty, and unjust enrichment related to a real estate investment in Summit.

The Minoia defendants filed a motion to dismiss the complaint based on lack of standing and that plaintiffs' claims were barred by the statute of limitations, an application later joined by the Weinerman defendants. The court issued an order denying both applications "on [the] theory of standing" but

_____

[2] Although DPMW is identified as a defendant in the amended complaint, it is unclear from the record why it was not included in the January 30, 2019 order.

granted a hearing on the statute of limitations issue, pursuant to Lopez v. Swyer, 62 N.J. 267 (1973).

At some point thereafter, the parties commenced settlement discussions with Leonard Selesner, a mutual friend of Dr. Feigenbaum and Marshall Weinerman, operating as the "go-between." On July 2, 2018, Selesner emailed Chris Franzblau, plaintiffs' counsel, the terms of the negotiated settlement. He stated: "[s]ettled at $300,000; $30,000 down then [three] equal payments [of] $90,000 [due on] [October] 1, [November] 1, [and] [December] 1. [N]o interest, includes Minoia; with non-disparagement clause and confidentiality clause and they should finalize settlement agreement." That same day, Franzblau sent a letter to Bruce C. LiCausi, counsel for the Weinerman defendants, and Geoffrey T. Bray, counsel for the Minoia defendants. The letter stated Franzblau would "have the proposed settlement agreement prepared within the next several business days."

Later that evening, Bray responded to Franzblau and stated that the agreement needed to include that "the payments under the settlement agreement will be made by Marshall Weinerman" and language that a "[stipulation] of [d]ismissal will be filed dismissing the claims against all of the [d]efendants and provide that the [p]laintiffs are releasing the [d]efendants." On July 3, 2018, Franzblau confirmed with Bray that he would address his comments in the

4                                                                          A-4198-18T4

written agreement. That same day, Franzblau sent LiCausi and Bray the proposed written agreement. He also stated that any request for revisions should be made within five days, otherwise "[Franzblau] [would] assume the agreement is satisfactory." On July 5, 2018, LiCausi confirmed the receipt of the proposed settlement and stated that he was "unavailable until the end of next week and any matters involving the above captioned matter [would] be addressed when he returns."

On July 16, 2018, the court issued an order dismissing the case after it was advised by the parties that the matter had settled. Despite the court order, the parties continued to finalize the written agreement. In this regard, on July 18, 2018, Franzblau sent LiCausi a settlement agreement which included revisions requested by Bray. Franzblau also asserted that if LiCausi did not respond, he would "immediately apply to the court for enforcement of the enclosed revised agreement and request legal fees."

On July 23, 2018, LiCausi responded to Franzblau and stated that the "last two sentences [of paragraph four] are superfluous and redundant and should be

A-4198-18T4

deleted."[3]  He also noted that although he understood the intent of paragraph seven, it should:

> [M]erely provide that if payment is not made, then upon ten days written notice to the undersigned of an opportunity to cure a non-payment of any amount due under paragraph [two] of the [a]greement, [p]laintiffs shall be entitled to enter a [c]onsent [j]udgment for all amounts due and owing together with interest accruing at a rate of [six percent] per annum.

On July 24, 2018, Franzblau responded to LiCausi and stated that he had amended paragraph seven pursuant to his request but insisted that paragraph four was still necessary and "relevant under the circumstances in view of the ages and health of some of the parties . . . ."  Franzblau also noted that he was sending a separate agreement to Bray to be executed by the Minoia defendants. Franzblau further stated that "in order to speed up the process" he was sending the agreement to the plaintiffs that day "for signature and return."  Finally, Franzblau requested LiCausi's "immediate attention to have [Marshall Weinerman] execute the agreement and have it returned to him."

---

[3]  For reasons not adequately explained by the parties, the appellate record does not contain a copy of the written agreement.  As best we can discern, paragraph four "set forth the parties' mutual release."  The Weinerman defendants asserted that the last "two sentences" which addressed what would occur if they failed to make timely payment were "superfluous" as that issue was already addressed in paragraph seven.

A-4198-18T4

On July 26, 2018, Franzblau contacted LiCausi again regarding the dispute over the language in paragraph four. On July 30, 2018, LiCausi responded to Franzblau and asserted that he would "welcome [Franzblau's] indulgence in simply allowing [him] to redraft the two paragraphs." In a subsequent correspondence on August 2, 2018, LiCausi reiterated that he would address the "discrepancies" in the draft settlement.

On August 3, 2018, plaintiffs filed a motion to enforce the settlement. Plaintiffs requested that the court "enforce a confidential settlement as agreed upon on or about July 3, 2018," and award "counsel fees from Marshall Weinerman." In response, on August 20, 2018, the Weinerman defendants filed a motion in opposition to plaintiff's motion and in support of their cross-motion to enforce the settlement.

In an accompanying certification, counsel for the Weinerman defendants requested that the court "enforce the essential terms of the settlement that the parties [had] agreed to;" direct LiCausi "to prepare the final [s]ettlement [a]greement;" and "award attorney fees to the prevailing party" in the event future disputes regarding the settlement agreement arose. Notably, the Weinerman defendants did not dispute that "there was a settlement and that the parties [had] agreed to all essential terms," but that the agreement was "error-

laden and deficient." The Weinerman defendants conceded that the essential terms of the agreement were detailed in plaintiffs' counsel's certification.

In addition, the Minoia defendants informed the court at a November 9, 2018 hearing that "we don't have a problem with the settlement agreement. It was agreed to. It was signed." Indeed, the court acknowledged that the "[Minoia defendants] [had] signed plaintiff's proposed settlement" and "oppose granting the relief requested . . . by the Weinerman defendants on the cross-motion."

The Weinerman defendants also stated that "there's very . . . minor issues . . . that are to be resolved here." Specifically, the Weinerman defendants maintained that the agreement needed to include "[their] language concerning . . . this non-disparagement and non-disclosure." The Weinerman defendants further informed the court that its counsel had requested insertion of a $50,000 damages provision to the non-disparagement clause after the motion to enforce had been filed.

After hearing oral arguments, the court issued an order denying both the plaintiffs' motion to enforce settlement and the Weinerman defendants' cross-motion and concluded an evidentiary hearing was not required. In its accompanying oral decision, the court determined that "the parties did not agree on the terms of a settlement except for certain financial aspects." The court

further noted that the correspondence between the parties indicated that the parties did not finalize the settlement agreement.

The court specifically emphasized Selesner's July 2, 2018 email which stated that "[t]hey should finalize the agreement" and Franzblau's July 3, 2018 letter that included a "proposed settlement agreement." The court further noted that the parties did not come to a resolution regarding paragraphs four and seven after multiple discussions. The court explained that the parties were effectively requesting that it "determine that a settlement was reached and what its terms were," which the court then determined "was not possible on this record."

The court subsequently conducted a <u>Lopez</u> hearing to determine whether the statute of limitations barred plaintiffs' claims. At that hearing, plaintiffs presented three witnesses including McDavit, Hartung, and the de bene esse deposition testimony of Dr. Feigenbaum.

The court granted defendants' motions and dismissed plaintiffs' amended complaint after concluding that the claims were barred by the statute of limitations. In an accompanying oral decision, the court found that the discovery rule was inapplicable because plaintiffs "should have known that this cause of action existed" within "the statutory six-year period."

Plaintiffs moved for reconsideration and claimed that the court "failed to address the applicability of the doctrines of equitable estoppel, equitable tolling,

and substantial compliance." A different motion judge heard oral arguments on the reconsideration application and denied plaintiffs' motion. This appeal followed.

## II.

On appeal, plaintiffs raise two primary arguments. They assert that the court erred in denying their motion to enforce the parties' settlement. Plaintiffs also rely on Catena v. Raytheon Company, 447 N.J. Super. 43, 53 (App. Div. 2012), and claim the court misapplied the discovery rule in dismissing their fraud-based claims. We conclude the court should have conducted an evidentiary hearing to address factual disputes regarding the alleged settlement and remand for further proceedings.

We begin with the well-settled principle that "[t]he settlement of litigation ranks high in our public policy." Jannarone v. W.T. Co., 65 N.J. Super. 472, 476 (App. Div. 1961). That policy, however, "does not mean that courts will rewrite or unduly expand settlement agreements in order to deem settled or waived things not legitimately encompassed." Isetts v. Borough of Roseland, 364 N.J. Super. 247, 254 (App. Div. 2003).

"[A]n agreement to resolve a matter will be enforced as long as the agreement addresses the principal terms required to resolve the dispute." Willingboro Mall, Ltd. v. 240/242 Franklin Ave., L.L.C., 421 N.J. Super. 445,

453 (App. Div. 2011).  A valid settlement agreement requires an offer and acceptance by the parties, "and the terms of the agreement must 'be sufficiently definite [so] that the performance to be rendered by each party can be ascertained with reasonable certainty.'"  GMAC Mortg., LLC v. Willoughby, 230 N.J. 172, 185 (2017) (quoting Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992)).  There must be an "unqualified acceptance to conclude the manifestation of assent."  Weichert, 128 N.J. at 435-36 (quoting Johnson & Johnson v. Charmley Drug Co., 11 N.J. 526, 538-39 (1953)).  "[I]f parties agree on essential terms and manifest an intention to be bound by those terms, they have created an enforceable contract."  Id. at 435.  As a corollary, "[w]here the parties do not agree to one or more essential terms, however, courts generally hold that the agreement is unenforceable."  Ibid.  Essential terms are those that go to the "heart of the alleged agreement."  Satellite Entm't Ctr. v. Keaton, 347 N.J. Super. 268, 277 (App. Div. 2002).

The burden of proving that a settlement was reached is on the party seeking to enforce the settlement.  Amatuzzo v. Kozmiuk, 305 N.J. Super. 469, 475 (App. Div. 1997).  On a disputed motion to enforce settlement, the trial court should hold a hearing to establish the facts "unless the available competent evidence, considered in a light most favorable to the non-moving party, is insufficient to permit the judge, as a rational factfinder, to resolve the disputed

11

factual issues in favor of the non-moving party." Id. at 474-75. Thus, the judge "cannot resolve material factual disputes upon conflicting affidavits and certifications." Harrington v. Harrington, 281 N.J. Super. 39, 47 (App. Div. 1995).

We review the court's decision, not under the more deferential abuse of discretion standard, but rather de novo, since "[a] settlement agreement between parties to a lawsuit is a contract[,]" Nolan v. Lee Ho, 120 N.J. 465, 472 (1990), and involves questions of law. See, e.g., Sealed Air Corp. v. Royal Indem. Co., 404 N.J. Super. 363, 375 (App. Div. 2008) ("The interpretation of contracts and their construction are matters of law for the court subject to de novo review.").

Here, we conclude the court placed undue emphasis on the absence of a formal written agreement. The evidence presented in the motion record required a hearing to determine if the parties had a "meeting of the minds" regarding the essential terms of the settlement agreement. Johnson & Johnson, 11 N.J. at 538. Although the court stated that "there [was] no settlement agreement," it reached that conclusion after initially dismissing the case based on the parties' representations that they had resolved the matter.

We also note that the Weinerman defendants admitted that "there was a settlement and that the parties [had] agreed to all essential terms." They further conceded that the essential terms of the settlement included a payment of

$300,000, with a $30,000 down payment, and three equal installments of $90,000 to be paid on October 1, 2018, November 1, 2018, and December 1, 2018. There also appears no dispute that the parties agreed to include non-disparagement and confidentiality clauses in the final settlement agreement.

Further, at the November 9, 2018 proceeding, the Weinerman defendants' counsel characterized the outstanding issues as "minor." The Minoia defendants also stated that they did not "have a problem with the settlement agreement. It was agreed to. It was signed." They did, however, object to the Weinerman defendants' belated request for inclusion of the damages provision.

The dispute, as best we can discern, relates to the significance, if any, of paragraphs four and seven, and the Weinerman defendants' request for a $50,000 damages provision. On remand, the court should address, after a plenary hearing, if those provisions were "essential" to the agreement and if the parties disagreed on any other material terms. The court should also make supplemental findings of fact and conclusions of law pursuant to Rule 1:7-4.

In light of our decision that a remand is necessary for the court to develop further the record and set forth specific findings of fact to support its decision, we need not address defendants' second argument that plaintiffs' claims are time-barred as resolution of the settlement issue may moot that claim. Nothing in our

13

opinion should be construed as suggesting our view on the outcome of the remanded proceedings.

Vacated and remanded for further proceedings consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION